UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICKY BROWN,

    Defendant.
    _____/

Case No. 11-20281

HONORABLE DENISE PAGE HOOD

## ORDER DENYING MOTION TO SUPPRESS
### and
### SCHEDULING ORDER

### I.   BACKGROUND

Defendant Ricky Brown is charged in an Indictment of: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (Count 1); Possession with Intent to Distribute a Controlled Substance, Marijuana, 21 U.S.C. § 841(a)(1) (Count 2); and, Possessing a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c) (Count 3); and Forfeiture Allegation of various property.

This matter is before the Court on a Motion to Suppress the Search Warrant filed by Brown. A response and reply were filed.

### II.   ANALYSIS

Brown seeks to suppress the evidence found at Brown's residence located at Moross Rd., Detroit, Michigan, 48236, because the search warrant signed on March 30, 2011 and executed on March 31, 2011, has no nexus to events which occurred on March 8, 2011 as described in the Affidavit that formed the basis for the March 30, 2011 warrant.

.    The Government responds that Brown's argument runs counter to Sixth Circuit and Supreme Court precedents and that even if the warrant was defective, the evidence found should not be

suppressed since Brown cannot show that the search warrant or affidavit rose to the level of deliberate, reckless or grossly negligent conduct by the affiant.

Generally, the Fourth Amendment requires officers to obtain a warrant prior to conducting a search. *United States v. Smith,* 510 F.3d 641, 647 (6th Cir. 2007). "A warrant will be upheld if the affidavit provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* at 652 (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). The probable cause standard is a "practical, non-technical conception" that leads with the "factual and practical considerations of everyday life." *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005)(quoting *Gates,* 42 U.S. at 231). "Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner." *United States v. Greene,* 250 F.3d 471, 479 (6th Cir. 2001). "[R]eview of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id.* A magistrate judge's determination of probable cause should be paid great deference by a reviewing court. *United States v. Allen,* 211 F.3d 970, 973 (6th Cir. 2000)(en banc). A court's review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four-corners of the affidavit and the court cannot consider any other testimony. *Frazier,* 423 F.3d at 531.

"To justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004). A defendant's status as a drug dealer, standing alone, is insufficient to find probable cause to search the defendant's residence without facts in the affidavit indicating any activities occurred at the

residence. *Frazier,* 423 F.3d at 532. Probable cause is sufficient if the informant observed drug trafficking outside the defendant's home. *Id.* A court considers four factors in determining whether a probable cause finding is stale: the defendant's course of conduct; the nature and duration of the crime; the nature of the relevant evidence; and any corroboration of the older and or more recent information. *United States v. Helton,* 314 F.3d 812, 822 (6th Cir. 2003). Even if a significant period of time has elapsed since a defendant's last reported criminal activity, it is still possible that, depending upon the nature of the crime, a magistrate may properly infer that evidence of wrongdoing is still to be found on the premises. *United States v. Spikes,* 158 F.3d 913, 923 (6th Cir. 1998).

When confronted with hearsay information from an informant, a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of the information provided by the informant. *Id.* at 532. If the prior track record of the informant adequately substantiates his credibility, other indicia of reliability, such as a controlled buy, are not necessarily required. *Id.* "[I]n the absence of any indicia of the informants' reliability, courts insist that the affidavit contain substantial independent police corroboration." *Id.* The corroboration may be established by a police-monitored controlled buy. *United States v. Hawkins,* 278 Fed. Appx. 629, 635 (6th Cir. 2008).

If an affidavit is found to be defective, the Supreme Court has held that the exclusionary rule be modified, "so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *United States v. Leon,* 468 U.S. 897, 905 (1984). Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer

acted in good faith in conducting the search. *Id.* at 922. The good faith inquiry is to be made objectively and the following exceptions to the good faith inquiry may be considered: 1) the supporting affidavit contained knowing or reckless falsity; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit is so lacking in probable cause to render official belief in its existence entirely unreasonable; or 4) the officer's reliance on the warrant was neither in good faith nor objectively reasonable. *Id*. at 923.

The search warrant at issue was signed on March 30, 2011 and executed on the Moross residence on March 31, 2011. The list of items to be seized include various records and documents, controlled substances and equipment used for manufacturing and distribution, and cellular telephones. (Warrant, Ex. to Resp.) The search warrant identified the Moross address. The application for a search warrant signed by Jeremy Fitch, Special Agent of the Drug Enforcement Agency ("DEA") indicated that the basis for the search is evidence of a crime, contraband and fruits of the crime, and the property is designed for use in committing a crime. (Application, Ex. to Resp.)

The affidavit of the application indicates that on March 8, 2011, a cooperating witness ("CW") provided information to the DEA Detroit Agents and Task Force Officers regarding the heroin trafficking activities of Marzell Middleton. (Aff., ¶ 3) The CW identified Middleton's residence as a Helen Street address in Detroit, Michigan, which also served as a drug distribution location. (Aff., ¶ 4) A controlled purchase was conducted on the same date, March 8, 2011, between the CW and Middleton. (Aff., ¶¶ 5-6) Surveillance units at the Helen Street address observed a Yukon Denali towing a black cargo trailer arriving at the address at approximately 7:30 p.m. that date. Three males exited the Yukon and entered the residence. (Aff., ¶ 7) The three males exited the Helen Street residence. One of the males placed a large, dark colored object into the bed

of the Chevrolet Silverado truck which was parked at the residence. Both the Silverado and the Yukon left the residence, eventually traveling west on I-94 to southbound I-75 to the Monroe, Michigan area. (Aff., ¶ 8)

Michigan State Trooper Peterson conducted a probable cause traffic stop on the Silverado at approximately 9:00 p.m. The sole occupant was identified as Steven Patrick Woods who had a suspended Michigan driver's license and who consented to the search of the truck. The search revealed a black, plastic Dewalt Power Tool case located in the bed of the truck with a clear plastic bag that contained an off-white colored substance which a field test concluded was 565 gross grams of heroin. Woods was arrested for possession of heroin. (Aff., ¶ 10)

At approximately 9:01 p.m., MSP Troopers Kiser and Ziecina conducted a traffic stop on the Yukon Denali. The driver was Middleton and the passenger was Brown, who were both arrested for the attempted delivery of the heroin transported by Woods. The trailer and contents of the Yukon were inventoried. One of the cell phones found in the Yukon was the phone used by the CW to contact Middleton. Four cell phones were discovered inside the Yukon Denali, two of those suspected as belonging to Brown. (Aff., ¶ 11)

Brown identified his residence as located at the Moross address and his driver's license also indicated the Moross address. Brown was in possession of $4,813.00 which was seized under Michigan's forfeiture laws. (Aff., ¶ 12) A search warrant from the State of Michigan was obtained on Middleton's Helen Street residence and executed at approximately 3:10 a.m. on March 9, 2011. 90 grams of suspected heroin were seized at the residence. A 2002 GMC Yukon registered to Brown was parked in front of the residence and seized under Michigan's forfeiture laws. A drug K-9 walked around the 2002 GMC Yukon alerting odor of narcotics inside Brown's vehicle. (Aff.,

5

¶ 13)

A search warrant for the cell phones seized was obtained from a federal magistrate on March 17, 2011. The subscriber information of the cell phone suspected to be Brown's was listed as "BOOST MOBILE" which can be purchased and used anonymously. A text message on the phone states "1175 or 1125 for one" which Fitch indicated was consistent with Detroit-are pricing for 1 ounce of cocaine. A criminal history search was conducted on Brown which revealed prior criminal arrest history involving felony drugs in 1996 and 1999. Brown was acquitted on the 1996 charge but convicted on the 1999 charge resulting in serving time in a federal prison. Fitch's affidavit requested a search warrant for Brown's residence at Moross based on these facts and his belief that the Moross residence would contain fruits of drug crimes. (Aff., ¶¶ 14-18)

Reviewing the four-corners of the affidavit, the search warrant issued was based on probable cause that certain items relating to drug trafficking may be located at Brown's Moross residence. Brown was arrested with Woods upon a controlled buy. Brown was seen at the Helen address and his 2002 GMC Yukon was in front of the residence when the search was conducted at that Helen address. The affidavit sets forth Brown's criminal history, which alone, does not establish probable cause to search his home. However, given the information garnered by the officers and agents from the surveillance of the Helen address and Brown's arrest during a controlled buy, the totality of the circumstances establish that there was sufficient probable cause that items related to criminal activity were present at Brown's residence.

Although the original surveillance occurred on March 8, 2011, Brown was arrested with Woods when the men went to meet the CW for the controlled buy of the heroin. The nature and duration of the crime–drug trafficking–does not occur in one instance but is ongoing. The evidence

found related to drug trafficking, including documents, equipment used for drug trafficking and drugs. As to the corroboration of the older, March 8, 2011 incident, and the affidavit submitted on March 30, 2011 to the Magistrate Judge, the affidavit was based on the information garnered from the March 8, 2011 incident.  The agents and officers conducted further searches, including a March 17, 2011 search warrant, for the cell phones seized during the March 8, 2011 arrest of Brown.  Although the March 8 and the March 30, 2011 search warrants were more than three weeks apart, this time frame does not necessarily show that the search warrant is stale.  The Sixth Circuit has found that a four month span between the last sale of drugs and the warrant issued need not be suppressed since trafficking drugs is a crime "of a continuing nature."  *United States v. Word,* 806 F.2d 658, 662 (6th Cir. 1986).  A magistrate judge could properly infer that evidence of wrongdoing was still to be found on the premises, even though three weeks had passed since the March 8, 2011 controlled buy.

Even if no probable cause is shown in the affidavit, Brown has not alleged that the good faith exception does not apply in this case.  There is no showing that the supporting affidavit contained knowing or reckless falsity, that the issuing magistrate wholly abandoned his judicial role, that the affidavit is so lacking in probable cause to render official belief in its existence entirely unreasonable, or the officers who conducted the search did not rely on the warrant in good faith.  Brown's Motion to Suppress the Search Warrant must be denied.  An evidentiary hearing is not required in this matter.

### III.    CONCLUSION

The Motion to Suppress the Search Warrant is DENIED.  The request for an evidentiary hearing is DENIED since only the four-corners of the affidavit can be reviewed in a motion to

suppress a search warrant for lack of probable cause. Accordingly,

    IT IS ORDERED that the Motion to Suppress (**Doc. No. 13**) is DENIED.

    IT IS FURTHER ORDERED that the following dates govern this matter:

| | |
|---|---|
| Plea cut-off: | **January 19, 2012, 12 noon** |
| Status/Pre-trial conference: | **January 19, 2012, 3:30 p.m.** |
| Jury Trial: | **January 24, 2012, 9:00 a.m.** |

                              S/Denise Page Hood  
                              Denise Page Hood  
                              United States District Judge

Dated: January 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 6, 2012, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry  
                              Case Manager